In the Matter of the Judicial Settlement of the Account of Proceedings of PRESIDENT AND DIRECTORS OF THE MANHATTAN COMPANY and Another, as Temporary Administrators, etc., of MARX LISSBERGER, Also Known as MAX LISSBERGER, Deceased, and as Executors, etc., of MARX LISSBERGER, Also Known as MAX LISSBERGER, Deceased.

PRESIDENT AND DIRECTORS OF THE MANHATTAN COMPANY and Another, as Executors, etc., of MARX LISSBERGER, Also Known as MAX LISSBERGER, Deceased, Appellants; GEORGE W. EGBERT, Superintendent of Banks of the State of New York, as Liquidator of MERCANTILE BANK AND TRUST COMPANY, Claimant, Respondent.

First Department, April 3, 1936.

*James F. Donnelly* of counsel [*Samuel Michelman* with him on the brief; *Olvany, Eisner & Donnelly*, attorneys], for the appellants.

*David Asch* of counsel [*William J. Butler* with him on the brief], for the claimant, respondent.

PER CURIAM. Claimant, respondent, the Superintendent of Banks of the State of New York, as liquidator of Mercantile Bank and Trust Company, sought to charge the estate of the decedent with statutory liability for ownership of 386 shares of the bank stock. The burden of proof rested upon him to prove that legal or equitable ownership of this stock was in the decedent when a stock assessment was declared on December 18, 1933. Faeder, the sole witness called by claimant to establish this, testified that he had received the stock as a gift from the decedent in April, 1932, about a year before the bank had been closed, and that after the certificate for this stock had in due course been issued in his name it was delivered to him and has been in his possession ever since.

This testimony is uncontradicted and is not so opposed to the probabilities of the case as to warrant rejection.

In the absence of any proof that decedent had caused this stock to be transferred to Faeder in bad faith and with intent to avoid

liability as a stockholder, the claim of the Superintendent of Banks against the estate of the decedent should not have been allowed.

The decree so far as appealed from should be reversed, with costs to the appellants, and the claim of claimant, respondent, should in all respects be disallowed, with costs.

Present — MARTIN, P. J., McAVOY, O'MALLEY, DORE and COHN, JJ.

Decree so far as appealed from unanimously reversed, with costs to the appellants, and the claim of claimant, respondent, in all respects disallowed, with costs.